## SAMUEL SCHIFF & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 16, 1898.)

No. 2,180.

CUSTOMS DUTIES—CLASSIFICATION—STRUNG BEADS OF METAL AND GLASS.
    Strung beads of glass, metal lined or coated, the metal being of chief value, are dutiable under paragraph 215 of the tariff law of 1890, as manufactures of metal not specially provided for, and not under paragraph 108, as manufactures of which glass is the component of chief value, not specially provided for.[1]

This is an appeal by Samuel Schiff & Co. from a decision of the board of general appraisers affirming the classification for duty of certain imported merchandise.

Albert Comstock, for importers.
J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge. The evidence shows, without dispute, that the goods concerned herein are strung beads of metal and glass,—metal chief value. The glass composes the basis or body of the bead, the metal being afterwards laid on as a coating or lining. They were imported under the act of 1890, and were classified for duty at 60 per cent. ad valorem, as manufactures of glass, or of which glass shall be the component of chief value, not specially provided for, under paragraph 108 of that act; there being no specific provision for beads, except when unstrung. Paragraph 445. The importers claim that these beads are dutiable at 45 per cent. ad valorem only, as manufactures of metal, under paragraph 215 of said act. Not only does the evidence sustain this claim, but the general appraisers have in a number of their decisions held that such metal lined or coated beads, and the trimmings composed of them, were dutiable at 45 per cent., under the paragraph cited by these appellants. All other claims in the protest having been abandoned by the importers in open court, the claim at 45 per cent. ad valorem, under paragraph 215 of said act, is sustained. The decision of the board of general appraisers is reversed.

[1] For classification of goods for payment of duties generally, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.